ATLANTIC COAST LINE RAILROAD COMPANY, A CORPORA-
TION, *Plaintiff in Error*, v. J. W. PERRY, ADMINISTRATOR
OF THE ESTATE OF B. H. JOHNSON, DECEASED, *Defendant
in Error*.

### Opinion Filed February 9, 1915.

1. The statute requiring railroad companies to fence their
   right-of-way making no exception for way-stations, and it
   appearing that at the place where the animal was killed is
   the open country, without building, platform or side-track,
   but that the train stopped near the point when flagged, and
   that the track was unfenced in that vicinity, an exception
   to the statute *ex necessitate*, did not exist as matter of
   law and a finding by the jury against such theory will not
   be disturbed.

2. When a railroad company denies liability, and the owner of
   an animal killed in violation of a statute requiring such com-
   pany to fence its right-of-way is compelled to bring his action
   to recover any damages, he is entitled to a reasonable attor-
   ney's fee, even though the jury fix the value of the animal at
   a reduction from the value claimed both in the preliminary
   demand and in the declaration.

Writ of Error to Circuit Court for Columbia County;
M. F. Horne, Judge.

Judgment affirmed.

*J. L. Doggett* and *J. B. Hodges,* for Plaintiff in Error;

*A. J. Henry,* for Defendant in Error.

COCKRELL, J.—B. H. Johnson recovered judgment
against the Railroad Company for the value of a mule
killed, together with an attorney's fee of fifty dollars.

He died soon after the entry of the judgment, and the cause was revived in the name of the Sheriff of Columbia County, who was appointed administrator *ex officio.*

We shall not undertake to follow the various ramifications of the pleadings. Johnson declared upon the statute giving damages for the killing of live stock when the railroad company has failed to fence its tracks. Outside the constitutional question hereafter discussed, the defense relied upon was and is that the killing took place within the station grounds, an exception to the operation of the statute alleged to exist *ex necessitate.*

It appears that the mule got upon the railroad tracks at a place called Cornell, and that this was a Way-Station where trains stop if flagged. There were no buildings used by the public, nor even a platform, and no side-tracks or spurs. A public road crossed the railroad tracks near where the accident occurred, and the trains when flagged stopped near there. Exactly how near we are not definitely advised, though one witness for the defendant company testified that the distance where he was told the train usually stopped and where he was told the accident occurred, was seventy feet. It does not appear that the fencing was left open at this particular point by reason of this supposed necessity, but rather that the railroad company had wholly ignored the statute and had no fence at all in this locality. Upon this evidence, we do not hold the court in error for submitting the question of the necessity to the jury, nor the jury in error in finding against the contention. See the interesting note to Wilmot v. Oregon Railroad & Navigation Co., 7 L. R. A. (N. S.) 202.

We may note here that the plat used in evidence is not before us.

The constitutional point presented is based upon the allowance of an attorney's fee, admitted to be reasonable in amount, in a case where the jury fixed the value of the animal killed at less than that named in the claim presented. In this connection it is to be observed that this statute is founded strictly upon the police power of the State, being designed to protect the traveling public from the danger incident to collisions with cattle upon the tracks of the railroad companies, and the statute makes the failure to fence negligence *per se.*

Secondly, the extra recovery going directly to the individual benefit of the injured party is allowed only when he proves the value of the animal to be at least equal to that named in his preliminary claim.

Thirdly, in this particular case, the necessity for the action was produced, in part at least, if not wholly, by the denial of liability by the railroad company, and was not occasioned by an honest difference in the valuation of the animal.

Under these circumstances we have no hesitation in upholding the judgment for the attorney's fee. In the case of Seaboard Air Line Ry. v. Robinson, decided November 25, 1914, we had occasion to examine all the late cases by the Supreme Court of the United States bearing upon the validity of somewhat similar statutes from other States, and we see no necessity for reviewing them here.

The judgment is affirmed.

Taylor, C. J., and Shackleford, Whitfield and Ellis, JJ., concur.